# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **CHARLES S. POPE**, | Case No. 6:18-cv-02163-SI |
| Plaintiff, | **OPINION AND ORDER** |
| v. | |
| **STATE OF OREGON, OREGON PAROLE BOARD, and OREGON DEPARTMENT OF CORRECTIONS**, | |
| Defendants. | |

Charles S. Pope, *pro se*.

Ellen F. Rosenblum, Attorney General, and Andrew Hallman, Assistant Attorney General, OREGON DEPARTMENT OF JUSTICE, 1162 Court Street NE, Salem, OR 97301. Of Attorneys for Defendants.

**Michael H. Simon, District Judge.**

     Plaintiff Charles Pope filed a *pro se* complaint against the Defendants the State of Oregon, the Oregon Parole Board, and the Oregon Department of Corrections under 42 U.S.C. § 1983. Plaintiff alleges violations of his state and federal constitutional rights. He seeks both compensatory and punitive damages in an amount totaling more than $800,000. Defendants have

filed a Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6). For the reasons that follow, Defendants' Motion is GRANTED.[1]

## STANDARDS

A motion to dismiss for failure to state a claim may be granted only when there is no cognizable legal theory to support the claim or when the complaint lacks sufficient factual allegations to state a facially plausible claim for relief. *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010). In evaluating the sufficiency of a complaint's factual allegations, the court must accept as true all well-pleaded material facts alleged in the complaint and construe them in the light most favorable to the non-moving party. *Wilson v. Hewlett-Packard Co.*, 668 F.3d 1136, 1140 (9th Cir. 2012); *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010). To be entitled to a presumption of truth, allegations in a complaint "may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). All reasonable inferences from the factual allegations must be drawn in favor of the plaintiff. *Newcal Indus. v. Ikon Office Solution*, 513 F.3d 1038, 1043 n.2 (9th Cir. 2008). The court need not, however, credit the plaintiff's legal conclusions that are couched as factual allegations. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009).

---

[1] The Court has been unable to successfully deliver to Plaintiff a copy of Defendants' Motion to Dismiss. A complaint filed *in forma pauperis* may be dismissed at any time, including without notice to Plaintiff, if the Court determines that the action is: (1) "frivolous or malicious"; (2) "fails to state a claim on which relief may be granted"; or (3) "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). A complaint is frivolous "where it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Because it is apparent that Plaintiff's complaint seeks monetary relief against a defendant who is immune from such relief, dismissal without receiving a response from Plaintiff is appropriate.

A complaint must contain sufficient factual allegations to "plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *Starr*, 652 F.3d at 1216. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Mashiri v. Epstein Grinnell & Howell*, 845 F.3d 984, 988 (9th Cir. 2017) (quotation marks omitted).

A court must liberally construe the filings of a *pro se* plaintiff and afford the plaintiff the benefit of any reasonable doubt. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). "Unless it is absolutely clear that no amendment can cure the defect, . . . a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." *Garity v. APWU Nat'l Labor Org.*, 828 F.3d 848, 854 (9th Cir. 2016) (alteration in original) (quoting *Lucas v. Dep't of Corrections*, 66 F.3d 245, 248 (9th Cir. 1995) (per curiam)). Under Federal Rule of Civil Procedure 8(a)(2), however, every complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." This standard "does not require 'detailed factual allegations,'" but does demand "more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555).

**BACKGROUND**

Plaintiff was an inmate in the custody of the State of Oregon for thirty years. Plaintiff alleges that the Oregon Parole Board had set his release date for July 21, 2016, but one week before his scheduled release the Board rescinded his release based on a misconduct report from the Department of Corrections dated July 11, 2016. Plaintiff alleges that this action violated Oregon regulations and denied him due process of law. On August 8, 2016, the Parole Board ordered Plaintiff to undergo a psychological evaluation and scheduled Plaintiff for an exit interview in preparation for his release. On November 16, 2016, the Board notified Plaintiff that he was due to be released that day, but that same day Plaintiff received a notification that his release plan was inadequate because his place of residence was unverified. Therefore, his release was deferred until such time as the Board could verify Plaintiff's post-release place of residency, but the deferral could not exceed 90 days. Plaintiff contends that he submitted the exact same release plan to the Parole Board on March 2, 2016 and June 15, 2016, and the Board did not notify him that his release plan was inadequate on those occasions.

On December 12, 2016, release counselor M. Farnsworth met with Plaintiff and notified him that he was to be released in three days. Plaintiff appears to have been released from custody on December 15, 2016. Upon his release, Plaintiff reported to the Parole Office and learned that he was being assigned a parole officer from the sex offender unit. Plaintiff adamantly disagrees with being assigned to sex offender treatment because he was neither charged with nor convicted of any sex crimes.

Plaintiff alleges that the Oregon Department of Corrections failed to properly or adequately train their release counselors, specifically M. Farnsworth, resulting in more than three weeks of emotional and mental distress due to the delay in his release from November 16, 2016 until December 15, 2016. Furthermore, Plaintiff alleges that the Oregon Department of

Corrections violated its own procedures and administrative rules, leading to the deprivation of Plaintiff's liberty for an additional 145 days beyond his scheduled release date.

## DISCUSSION

The Supreme Court has interpreted the Eleventh Amendment generally to prohibit a citizen from suing a state in federal court. *College Savings Bank v. Fla. Prepaid Postsecondary Educ. Expense Bd.*, 527 U.S. 666, 669-70 (1999). Supreme Court case law establishes that a state is immune from suit in federal court unless Congress has abrogated the state's immunity by appropriate federal legislation or the state itself has waived it. *Va. Office for Prot. & Advocacy v. Stewart*, 131 S. Ct. 1632, 1637 (2011). "[I]n the absence of consent a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment." *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). Defendants the State of Oregon, the Oregon Department of Corrections, and the Oregon Parole Board correctly assert that they are arms of the State of Oregon. Plaintiff, therefore, may only bring suit against Defendants if Congress has abrogated Defendants' sovereign immunity or if Defendants have waived their immunity. *See id.* Congress has not abrogated Eleventh Amendment state sovereign immunity for Section 1983 claims. *See Braunstein v. Ariz. Dept. of Transp.*, 683 F.3d 1177, 1188 (9th Cir. 2012). Thus, Plaintiff may not bring an action in federal court asserting a violation of Section 1983 by the State of Oregon or any "arm" of the State.

Plaintiff seeks money damages against the State of Oregon, the Oregon Department of Corrections, and the Oregon Parole Board. His suit, therefore, is barred by the Eleventh Amendment and Oregon's sovereign immunity. Plaintiff has indicated to Defendants, however, that he may file an amended complaint naming individual officers who were involved in the violation of his constitutional rights. Defendants do not oppose Plaintiff's filing of an amended complaint.

**CONCLUSION**

Defendants' Motion to Dismiss (ECF 7) is GRANTED and Plaintiff's complaint is dismissed WITHOUT PREJUDICE. Plaintiff may file an amended complaint within 30 days naming individual defendants in lieu of the State of Oregon.

**IT IS SO ORDERED.**

DATED this 7th day of May, 2019.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge